HILAIRE BOLDUC *vs.* GEORGE NADEAU AND TRUSTEE.

Androscoggin County.   Decided January 11, 1930.   The writ in this case declared, on account annexed, for $507.90.

At the return term, defendant filed a plea in set-off, in the sum of $534.25, and the case was continued to the June term next.

On the second day of the June term the plaintiff was present with his witnesses and ready to proceed in trial, but the defendant's counsel presented a motion for continuance alleging that defendant, whose testimony was material, was ill and because of such illness unable to attend court at that term.

The motion was supported by affidavit of counsel, and testimony of defendant's attending physician.

The affidavit set out that during three wood-chopping seasons ending in 1928, under contract, plaintiff had delivered wood to defendant, and that for the wood defendant had paid according to the scale of plaintiff; that later defendant discovered plaintiff's scale was not a true scale, there being a deficiency in the quantity delivered during the first two seasons of 7⅔ per centum and in the last season of 15½ per centum; and that plaintiff had, without paying for same, taken of defendant's oak and pine timber amounts worth $33.50, so that plaintiff owed defendant $534.25, the amount claimed in set-off.

It was therefore evident that defendant's testimony might be not only material, but essentially requisite.

Counsel further offered, as a witness with reference to defendant's inability to attend court, a doctor, resident in Lewiston, whose qualifications as physician and surgeon were admitted.

At the request of the Court a physician of Auburn visited defendant, "returning to court in about an hour and reporting that he found defendant in bed, that his temperature was normal, pulse rapid, that he appeared nervous, but that in his opinion defendant could go to court and testify."

In answer to a question, "whether or not he thought defendant was in physical condition to be subjected to a long-continued and searching cross-examination, he said that it was possible that defendant might collapse under a cross-examination."

Defendant's physician was examined, and his testimony, covering eight pages of the record, reveals a dispassionate observer speaking of a patient whom he had known professionally for eight years or more, reporting the patient in bed in accordance with his order in a very nervous condition, following a collision of his truck,

patient driving four days before, with an automobile driven by a woman; that patient was suffering from nervous palpitation of the heart.

The physician was asked whether, in his opinion, defendant could with safety to his health come to court and testify. His answer was, "not at the present time." He thought he might testify in a week or two.

In ruling on the motion several courses were open to the Court. He could have continued the case, upon terms, to a later day in the June term, or to the next succeeding term.

He could have ordered defendant's counsel to proceed to trial.

He denied the motion for continuance, defaulted defendant, and allowed his exception to default.

The decision to default was irregular. Defendant had the right to have plaintiff put in testimony to prove his claim; and, however difficult and expensive it might have proved, he had the right to present such evidence as could be procured to disprove plaintiff's contentions, and to set up some or all of the charges contra plead in set-off. Exceptions sustained. *Clifford & Clifford*, for plaintiff. *Herbert E. Holmes*, for defendant.